NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4623
_____

MATTHEW CHALFIN, M.D.; VENUS COBA, M.D.;
CLIFTON COLBY DAVIS, M.D.; PAMELA D'AMATO, M.D.;
GREG PAKONIS, M.D.; ANDRE ROBONSON;
KIRAN KUNA, M.D., and all others similarly situated,

Appellants

v.

ST. JOSEPH'S HEALTHCARE SYSTEM
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-14-cv-01883)
District Judge:  Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
October 8, 2015

Before:  McKEE, *Chief Judge*, AMBRO and HARDIMAN, *Circuit Judges*.

(Filed: October 21, 2015)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This appeal presents a single issue: Did the District Court err when it dismissed a putative class action complaint because it determined that Plaintiffs' claim for negligent failure to obtain tax refunds was, in essence, a lawsuit for a tax refund?

I

Between 2003 and 2006, Plaintiffs were medical residents at St. Joseph's Regional Medical Center. St. Joseph's collected the employee portion of the Federal Insurance Contributions Act (FICA) taxes from Plaintiffs and remitted them to the IRS. Internal Revenue Code § 3121(b)(10) allows an exemption from the FICA tax for "service performed in the employ of a school, college, or university . . . if such service is performed by a student who is enrolled and regularly attending classes at [that university.]" In March 2010, the IRS determined that medical residents qualified for this exemption for tax periods ending before April 1, 2005.

In February 2014, Plaintiffs brought suit in the Superior Court of New Jersey, alleging that St. Joseph's acted negligently by failing to submit the paperwork they needed to receive refunds from the IRS. In March 2014, St. Joseph's removed the action to federal court pursuant to 28 U.S.C. § 1441. Plaintiffs moved to remand to state court, while St. Joseph's moved to dismiss Plaintiffs' complaint. Adopting a report and recommendation of the Magistrate Judge, the District Court granted St. Joseph's motion

to dismiss, concluding that Plaintiffs' suit was essentially a claim for a tax refund governed by I.R.C. § 7422. *Chalfin v. St. Joseph's Healthcare Sys.*, 2014 WL 5512286, at *2–3 (D.N.J. Oct. 31, 2014). As such, Plaintiffs were required by § 7422(a) to exhaust their administrative remedies, and because they failed to do so, the District Court dismissed the complaint. *Id.* at *2–3. Likewise, the District Court denied Plaintiffs' motion to remand the case to state court because their claim arose under federal law. *Id.* at *1–2. Plaintiffs filed this appeal.[1]

## II

The sole issue in this case is whether Plaintiffs have a genuine negligence claim or have instead dressed up a federal tax refund claim in state law garb. We agree with the District Court that this is a federal tax case that required exhaustion of administrative remedies.

As noted by the Supreme Court, a plain reading of § 7422 reveals its "expansive reach." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7 (2008). That expansive reach was exemplified by our decision in *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59 (3rd Cir. 2008). There, a plaintiff brought a state law unjust enrichment claim against her employer, alleging that the employer misclassified her as an

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order dismissing a complaint is plenary. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

independent contractor and then wrongfully collected the employer's portion of the FICA tax from her. *Id.* at 61–62. We held that the plaintiff's suit was expressly preempted by § 7422 because she was essentially seeking a refund of taxes paid, and it was irrelevant whether the employer collected the taxes in good faith or not. *Id.* at 68. Other courts have held that suits alleging state law claims against airlines that erroneously charged a ten percent excise tax and paid it to the IRS were preempted by § 7422. *See, e.g.*, *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998).

Swimming against the tide, Appellants seek refuge in the recent trial court decision of *Childers IV v. New York & Presbyterian Hospital*, 36 F. Supp. 3d 292 (S.D.N.Y. 2014). In addition to being nonbinding, however, a review of that case demonstrates that it is factually inapposite in significant ways. In *Childers IV*, a hospital entered into a confidential agreement with the IRS to settle a tax dispute unrelated to the FICA taxes collected for its medical residents, yet as part of the deal the hospital gave up its right to seek refunds for the medical residents. *Id.* at 300. The court distinguished that situation from cases like *Brennan* on the basis that "Plaintiffs do not seek to hold the Hospital liable for any action that the IRS required the Hospital to take, or that the Hospital reasonably could have believed it was required to take." *Id.* at 303–04. That same fact distinguishes this appeal from *Childers IV* because, at the very least, St. Joseph's had a reasonable belief that it was required to assess the FICA taxes for Plaintiffs and there is no allegation that St. Joseph's gave away something it didn't possess. Moreover, the

4

damages Plaintiffs seek are equivalent to the amount of FICA taxes withheld. Thus, Plaintiffs are essentially seeking a tax refund and not charging that St. Joseph's committed an independent wrong, like secretly bargaining away rights it didn't possess.

In short, because Plaintiffs' claims were within the ambit of § 7422, removal to federal court was proper. And it follows as night the day that Plaintiffs' failure to file a claim with the IRS for a refund means that they have failed to exhaust their administrative remedies. We will affirm.